HEZEL v. SCHATZ.

A chattel mortgage on certain cattle was given to secure the mortgagee for his agreement to pay certain notes given by the mortgagor to a

third person. The cattle were in the possession of defendant under a contract to care for them for three years for. half their increase, and the mortgagor's interest in this contract was assigned to the mortgagee, also for security. The mortgagee never paid any part of the notes, and stated that he took the mortgage for the payee of the notes. Held, that there was no consideration for the mortgage and assignment, so that the mortgagee could not recover from defendant on his turning the cattle over to the payee of the notes with the consent of the mortgagor.

(Opinion filed July, 1, 1903.)

Appeal from Circuit Court, McPherson county; Hon. LORING E. GAFFY, Judge.

Action by Christoph J. Hezel against Gottlieb Schatz. From a judgment for defendant, plaintiff appeals. Affirmed.

*James M. Brown,* for appellant.

*Herreid & Williamson,* for respondent.

CORSON, J. On October 1, 1897, one Christian Wentz, being the owner of 14 head of cows, placed them with the defendant, Schatz, under a contract in writing, by the terms of which Schatz was to keep the cows for a term of three years, at the end of which time he was to return the original cows and one-half of the natural increase therefrom, and was to retain the other one-half as his compensation for feeding and caring for the same. On October 6, 1898, about a year after the making of the contract, the said Wentz sold and assigned to the plaintiff his interest in the contract, by a written assignment thereon, and on the same day made a chattel mortgage on the cattle to the plaintiff; both the mortgage and the assignment of the contract being to secure the payment of 23 promissory notes executed by said Wentz, and payable to the plaintiff, amounting in the aggregate to $600. In the early summer

of 1900 said defendant, Schatz, without any notice to the plaintiff, delivered the cattle to one Christian Wolf, for the Eureka Brewing Company, in the presence of the said Wentz, who released the contract. The plaintiff thereupon brought this action in claim and delivery against the defendant, Schatz, to recover the possession of the property, or the value thereof, in case delivery could not be had. The case was tried to a jury, and, the verdict being in favor of the defendant, judgment was entered thereon; and from this judgment, and an order denying a new trial, the plaintiff has appealed.

At the close of all the evidence the plaintiff and appellant moved the court to direct a verdict in favor of the plaintiff, which motion was denied. The appellant contends that having shown on the trial that he was the assignee of the said contract, and that the defendant refused to deliver the possession of the cows and one half of the increase to him, he was clearly entitled to recover in this action the value of the said stock; and that the fact that the defendant, Schatz, had delivered the same to Wolf, the general agent of the brewing company, by direction of Wentz, constituted no defense to the action. It is insisted, however, by the defendant, (1) that the plaintiff, being simply the pledgee of the contract, could not maintain this action in his own name without proof that he had foreclosed the contract of pledge, or sold the contract, in the manner provided by the statute for the sale of pledged property; and (2) if he could maintain the action in his own name, he could only recover the amount actually due, and secured by the pledged property, and that it was clearly shown by the evidence in this case that the plaintiff had never paid any consideration to Wentz on account of the security, and had not legally obligated himself to pay any amount on account of Wentz.

Without deciding the question as to whether or not the plaintiff could maintain the action in his own name, and assuming, for the purpose of this decision, that he could do so, still we are of the opinion that the plaintiff cannot recover in this action. It will be noticed, by the statement of the case, that both the assignment of the contract with the defendant, Schatz, and the chattel mortgage on the property, were made to secure the payment of 23 notes, amounting to the sum of $600. The plaintiff, in his testimony, states that the notes were executed by Wentz at the time the assignment of the contract with Schatz was made. "The contract," he says, "was turned over to me as security for the payment of the notes, and I also took the chattel mortgage with the contract, on some cattle from Wentz. They were delivered to me in consideration of my agreeing to pay the amount of the face of the notes to the Eureka Brewing Company for Wentz." It would seem, therefore, that the plaintiff advanced no money at the time for these notes, but simply agreed to pay the amount of the face of them to the Eureka Brewing Company. The defendant, however, proved by uncontradicted evidence that the plaintiff had never paid the brewing company any part of the $600 he had agreed to pay. Mr. Wolf, to whom the stock was delivered by the defendant, in his testimony, says: "I asked Christian Hezel what he had done with the $600, as he took the $600 mortgage from Wentz for the brewing company, and I had never seen any record in the books of that $600, and he said he never paid it. He said he just took the mortgage for the brewing company; that he would not have loaned Wentz the $600 on twelve cows; and he also said to me that the cattle belonged to the brewing company." The brewing company, therefore, was the real

owner of the notes, and entitled to the property which it received through its agent, Wolf.

While the notes, on their face, prima facie imported a consideration, it was clearly shown, as will be seen, that no consideration, in fact, passed from the plaintiff to Wentz. The plaintiff, therefore, had no special interest in this property, for which he would be entitled to a judgment in this action. Having sustained no detriment by the acts of the defendant, Schatz, in turning over the property to Wentz, or to Wolf, as the agent of the brewing company, under the direction of Wentz, he could not, under any event, recover in this action. The verdict and judgment are therefore clearly right, and the court properly denied the motion of the plaintiff to direct a verdict, and the motion for a new trial.

In the view we have taken of the case, it will not be necessary to consider the other questions presented by the assignments of error, and discussed in the briefs of counsel.

The judgment of the circuit court, and order denying a new trial, are affirmed.